```
                      UNITED STATES DISTRICT COURT
                         DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| THOMAS P. FINN,<br><br>    Plaintiff,<br><br>    v.<br><br>ESTATE OF GENNARO R. SCHIAVO,<br>JR. and SHARON SCHIAVO,<br><br>    Defendants. | HONORABLE NOEL L. HILLMAN<br><br>CIVIL ACTION NO. 15-2409<br><br>**OPINION** |

**APPEARANCES:**

LAW OFFICE OF JEREMY SPIEGEL
By: Jeremy S. Spiegel, Esq.
1 South Broad Street, Suite 1500
Philadelphia, Pennsylvania 19107
        Counsel for Plaintiff

COHEN SEGLIAS PALLAS GREENHALL & FURMAN, P.C.
By: Jonathan A. Cass, Esq.
United Plaza 19th Floor
30 South 17th Street
Philadelphia, Pennsylvania 19103
        Counsel for Defendants


**HILLMAN**, United States District Judge:

    Plaintiff Thomas Finn alleges that his former business partner, now-deceased Gennaro "Jerry" Schiavo, Jr., stole from their limited liability company, Temp-Rite. Plaintiff further alleges that Defendant Sharon Schiavo - Jerry's wife, and Temp-Rite's Operations Manager / bookkeeper - aided and abetted Jerry Schiavo's misappropriations. The Court previously granted Defendants' Motion to Dismiss the claims against Jerry Schiavo's estate, holding that those claims are subject to arbitration. *Finn*

*v. Schiavo*, 2016 U.S. Dist. LEXIS 16622 (D.N.J. Feb. 11, 2016). The Court also stayed the claims against Defendant Sharon Schiavo pending the resolution, in arbitration, of the claims against the estate. *Id.* The case was administratively terminated pending the disposition of the arbitration.

Since the Court's decision, Plaintiff has filed with the American Arbitration Association ("AAA") an arbitration demand which includes both the claims against the Defendant estate and the claims against Defendant Schiavo. The arbitration is scheduled for October, 2017.

Schiavo asks this Court to: (A) enjoin Plaintiff and the AAA from proceeding with the arbitration against her; and (B) impose sanctions against Plaintiff's counsel pursuant to 28 U.S.C. § 1927.[1] For the reasons stated herein, the Court will grant the motion to the extent that it seeks to enjoin only Plaintiff (not the AAA) from pursuing arbitration of the claims asserted against Schiavo. The Motion will be denied in all other respects.

**I.**

It is undisputed that Sharon Schiavo is not a signatory to the arbitration agreement at issue, which is contained in Temp-Rite's Operating Agreement. Indeed, in the previous briefing on the Motion to Dismiss the parties seemed, at least implicitly, to

---

[1] The Court has diversity of citizenship subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

2

assume that the claims against Sharon Schiavo were not arbitrable under any legal theory.

Here, in opposition to the instant motion, Plaintiff asserts that the claims against Schiavo are subject to arbitration. Plaintiff relies upon a single footnote in Defendant Schiavo's brief in support of her previous motion to dismiss wherein she stated she "*is willing to* consent to the jurisdiction of the arbitrator," and that she "*is willing to* stipulate as such." (Docket #9, Moving Brief, p. 12 n.3)(emphasis added). However, nothing in the papers before this Court indicates that Defendant Schiavo ever signed anything consenting to arbitrate the claims against her. Indeed, all of her other actions in this litigation and the arbitration suggest that she has not, and does not, consent to arbitration.

**II.**

**A.**

Pursuant to Fed. R. Civ. P. 65(a), the Court may issue preliminary injunctions. It is well established that a court is "obliged to enjoin an arbitration" where it is determined "that a valid arbitration agreement does not exist or that the matter at issue clearly falls outside the substantive scope of the agreement . . . ." *PaineWebber Inc. v. Hartmann*, 921 F.2d 507, 511 (3d Cir. 1990), *abrogated on other grounds by Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79 (2002).

**B.**

"An attorney or other person admitted to conduct cases in any court of the United States . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927.

**III.**

**A.**

Defendant Sharon Schiavo asks this Court to enjoin both Plaintiff Finn and the AAA from proceeding with the arbitration of the claims against her. The basic question is: did Schiavo agree to arbitrate the claims against her? The answer is clearly no.

It is undisputed that Schiavo stated that she would be willing to consent to arbitrate. But she stated so in a single footnote in a brief in support of her own motion to dismiss this suit on other grounds.[2] This is insufficient evidence to support a finding that Schiavo agreed to arbitrate the claims at issue. *See generally Griswold v. Coventry First LLC*, 762 F.3d 264, 271 (3d Cir. 2014)("The presumption in favor of arbitration does not extend, however, to non-signatories to an agreement; it applies

---

[2] Schiavo argued that the Second Amended Complaint failed to state a claim against her under Fed. R. Civ. P. 12(b)(6).

only when both parties have consented to and are bound by the arbitration clause.").

Indeed, rather than arguing that Schiavo consented to arbitrate the claims, Plaintiff argues that Schiavo should be judicially and equitably estopped from arguing that she did not consent. Both arguments fail.

"Though there is no rigid test for judicial estoppel, three factors inform a federal court's decision whether to apply it: there must be (1) irreconcilably inconsistent positions; (2) adopted in bad faith; and (3) a showing that estoppel addresses the harm and no lesser sanction is sufficient." *G-I Holdings, Inc. v. Reliance Ins. Co.*, 586 F.3d 247, 262 (3d Cir. 2009).

Schiavo's counsel explains the purpose of the footnote was "to communicate to Plaintiff that if he agreed to resolve the Motion to Dismiss by submitting to arbitration against the Estate, then Sharon would follow." (Reply Brief p. 5)

There is nothing inconsistent with that position, taken before the Motion to Dismiss was decided - indeed, even prior to Plaintiff filing opposition to the motion - and Schiavo's current position, which she takes now that Plaintiff opposed the motion and the Court has decided it.[3]

---

[3] Additionally, it is not clear that Schiavo, by merely asserting in a footnote that she would be willing to consent to arbitration, took a position at all. As stated *supra*, whether Schiavo agreed

5

Moreover, nothing about the course of these proceedings suggests any bad faith on Schiavo's part. To the contrary, the record before the Court supports a finding that Schiavo acted with a spirit of compromise when she offered to arbitrate issues that she had not consented to arbitrate. The fact that Schiavo has now, under changed circumstances, decided her offer to arbitrate is no longer open does not evidence bad faith.

Similarly, Plaintiff's equitable estoppel argument fails. "[T]he doctrine recognizes that a party may be estopped from asserting that the lack of his signature on a written contract precludes enforcement of the contract's arbitration clause when he has consistently maintained that other provisions of the same contract should be enforced to benefit him. To allow a [party] to claim the benefit of the contract and simultaneously avoid its burdens would both disregard equity and contravene the purposes underlying enactment of the Arbitration Act.'" *E.I. DuPont de Nemours & Co. v. Rhone Poulenc Fiber & Resin Intermediates, S.A.S.*, 269 F.3d 187, 200 (3d Cir. 2001)(internal citation and quotation omitted).

Nothing before the Court suggests that Schiavo has "consistently maintained" that any provision of the Operating

---

to arbitrate the claims against her was not at issue in the Motion to Dismiss.

Agreement "should be enforced" to her benefit. *See E.I. DuPont de Nemours & Co.*, 269 F.3d at 200 ("Generally, these [equitable estoppel] cases involve non-signatories who, during the life of the contract, have embraced the contract despite their non-signatory status but then, during litigation, attempt to repudiate the arbitration clause in the contract."). Plaintiff's general assertions that Schiavo "benefitted substantially" from the Operating Agreement by allegedly: (1) issuing false financial reports "pursuant to" the Operating Agreement; and (2) "abus[ing] the terms of § 4 of the Operating Agreement" by issuing fraudulent reimbursements (Opposition Brief, p. 13-14), cannot support a conclusion that Schiavo "embraced" the Operating Agreement, nor sought to "enforce" it such that the doctrine of equitable estoppel would apply. *E.I. DuPont de Nemours & Co.*, 269 F.3d at 200.

Moreover, to the extent that both estoppel doctrines are based on considerations of equity, the Court observes that it would be inequitable under these circumstances to allow Plaintiff to use Schiavo's offer of compromise as a sword to compel arbitration.

Thus, the Court holds that Defendant Schiavo did not consent to arbitrate the claims asserted against her, and therefore she is entitled to an injunction preventing the arbitration of those claims.

However, the Court declines to include the AAA in the injunction. Aside from the fact that the AAA is not a party to this suit[4], and likely could not be held to be acting "in concert or participation with" Plaintiff, *see* Fed. R. Civ. P. 65(d)(2), the Court fails to see why enjoining the AAA is necessary. The Court presumes that Plaintiff will obey this Court's order restraining him from further pursuing his claims against Schiavo in arbitration, thereby providing Schiavo complete relief.

Accordingly, Schiavo's Motion to Enjoin the Arbitration will be granted as to Plaintiff Finn and denied as to the AAA.[5]

---

[4] Simply naming the AAA as an "additional party" in the caption of Schiavo's Motion and "serving" the AAA with a "copy of [the] motion" (Moving Brief, p. 1) does not make the AAA a party to this suit. No return of service has been filed and no attorney has entered an appearance on behalf of the AAA.

[5] The parties' submissions do not address the issue of security, which is mandatory under Fed. R. Civ. P. 65(c). As a matter of law, the injunction against Plaintiff cannot take effect until Defendant Schiavo posts an appropriate bond. *See Scanvec Amiable, Ltd. v. Chang,* 80 Fed. Appx. 171, 176 (3d Cir. 2003)("We have long held that the posting of adequate security is a 'condition precedent' to injunctive relief.")(quoting *Hopkins v. Wallin,* 179 F.2d 136 (3d Cir. 1949)); *see generally Sprint Communs. Co. L.P. v. CAT Communs. Int'l, Inc.,* 335 F.3d 235, 239-40 (3d Cir. 2003)("Generally, a bond is a condition of preliminary injunctive relief. Fed. R. Civ. P. 65(c) requires a successful applicant for a preliminary injunction to post a bond, in such sum as the district court deems proper, for the payment of such costs and damages as may be incurred or suffered by any party who is found to have been wrongfully enjoined. Thus, the injunction bond provides a fund to use to compensate incorrectly enjoined defendants.")(internal citations and quotations omitted).
   Therefore, the Court will direct Defendant Schiavo and Plaintiff Finn to meet and confer within seven days of the date of the Court's Order to determine whether an appropriate bond may be

**B.**

The Court has discretion whether to award sanctions under § 1927. *In re Prudential Ins. Co. Am. Sales Practice Litig. Actions*, 278 F.3d 175 (3d Cir. 2002). "[A] finding of willful bad faith on the part of the offending lawyer is a prerequisite for imposing sanctions under 28 U.S.C. § 1927." *Id.* at 181 (internal citation and quotation omitted).

There is no evidence before the Court that Plaintiff's counsel acted with willful bad faith when he filed the arbitration demand which included Plaintiff's claims against Schiavo. The fact that Plaintiff's counsel asserted a position that this Court has held unmeritorious, without more, is insufficient to support a conclusion of willful bad faith.

Accordingly, the Court declines to award sanctions.

**IV.**

For the reasons set forth above, the Court will grant Schiavo's motion to the extent that it seeks to enjoin only Plaintiff from pursuing arbitration of the claims asserted against Schiavo. The Motion will be denied in all other respects. An appropriate Order accompanies this Opinion.

At Camden, New Jersey     __s/ Noel L. Hillman____
Dated: April 27, 2017     **Noel L. Hillman, U.S.D.J.**

---

set by stipulation. Absent such stipulation, the Court will promptly schedule a hearing to set an appropriate bond.